IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELAWARE ART MUSEUM, INC., a Delaware corporation, | ) )  C. A. No. 1:06-cv-00481 (GMS) ) |
| Plaintiff, | ) ) |
| v. | ) JURY TRIAL DEMANDED ) |
| ANN BEHA ARCHITECTS, INC., f/k/a ANN BEHA ASSOCIATES, INC., a Massachusetts corporation, and OVE ARUP & PARTNERS MASSACHUSETTS, INC., a Massachusetts corporation, | ) ) ) ) ) ) |
| Defendant. | ) ) ) |
| -and- | ) ) |
| ANN BEHA ARCHITECTS, INC., f/k/a ANN BEHA ASSOCIATES, INC., a Massachusetts corporation, | ) ) ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| SKANSKA USA BUILDING, INC., as Successor to Barclay White Skanska, Inc., a Delaware corporation, | ) ) ) ) |
| Third-Party Defendant. | ) ) |

## ANSWER TO THIRD PARTY COMPLAINT

Third-Party Defendant, Skanska USA Building Inc., successor-in-interest by merger to Barclay White Skanska, Inc. ("Skanska"), pleads this Answer to the Third-Party Complaint of Ann Beha Architects, Inc. ("ABA").

1. Skanska makes no answer to the allegations of paragraph 250, as the allegations make no assertions or claims against Skanska.

2. Skanska admits the allegations of paragraph 251.

3. Skanska admits the allegations of paragraph 252.

4. Skanska admits that it entered into a written agreement with plaintiff, Delaware Art Museum, Inc. ("DAM"). Skanska denies the remaining allegations of paragraph 253 as inaccurate assertions of fact and as a characterization of its obligations under its written agreement with DAM. Skanska begs leave to refer to the terms and conditions of its agreement.

5. Skanska denies the allegations of paragraph 254.

6. Skanska denies the allegations of paragraph 255.

7. Skanska denies the allegations of paragraph 256.

8. Skanska denies the allegations of paragraph 257.

9. Skanska makes no response to the allegations of paragraph 258, as it is a characterization of the terms of DAM's complaint. Skanska begs leave to refer to the terms of the complaint as to its scope and content.

## COUNT I
## INDEMNIFICATION AND CONTRIBUTION

10. Skanska repeats and reasserts each and every answer to the allegations of paragraphs 250 through 258 as if fully set forth herein.

11. Skanska denies the allegations of paragraph 259.

WHEREFORE, Skanska asks this Court to dismiss the Third-Party Complaint and award it costs and such other and further relief as the Court deems just.

## COUNT II
## NEGLIGENT MISREPRESENTATION

12.   Skanska repeats and reasserts each and every answer to the allegations of paragraphs 259 through 260 of the Third-Party Complaint as if fully set forth herein.

13.   Skanska denies the allegations of paragraph 262.

14.   Skanska denies the allegations of paragraph 263.

15.   Skanska denies the allegations of paragraph 264.

16.   Skanska denies the allegations of paragraph 265.

17.   Skanska denies the allegations of paragraph 266.

18.   Skanska denies the allegations of paragraph 267.

19.   Skanska denies the allegations of paragraph 268.

WHEREFORE, Skanska asks this Court to dismiss the Third-Party Complaint and award it costs and such other and further relief as the Court deems just.

## -AFFIRMATIVE DEFENSES-

Skanska, having denied each and every allegation not specifically admitted above, sets forth the following affirmative defenses without assuming any burden of proof as to any such defense:

### FIRST AFFIRMATIVE DEFENSE

ABA fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The damages or losses, if any, were caused in whole or in part by the acts or omissions of ABA and/or third parties, both named and unnamed, for whose conduct Skanska is not responsible.

### THIRD AFFIRMATIVE DEFENSE

ABA's claims are barred by the doctrines of laches and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

ABA's claims are barred by the applicable statute of limitations or any applicable statute of repose.

### FIFTH AFFIRMATIVE DEFENSE

ABA's claims are barred for failure of consideration.

### SIXTH AFFIRMATIVE DEFENSE

ABA's claims are barred by the doctrines of accord and satisfaction, release and waiver.

### SEVENTH AFFIRMATIVE DEFENSE

In accordance with the Agreement, Skanska's liability, if any, is limited to available insurance.

### EIGHTH AFFIRMATIVE DEFENSE

ABA's damages, if any, must be reduced in accordance with its own comparative negligence in failing to make timely decisions on the project, including key design elements for the project.

### NINTH AFFIRMATIVE DEFENSE

Skanska hereby gives notice that it intends to rely on such other affirmative defenses as may become available during the course of discovery and thus reserves the right to amend its answer to assert such defense.

WHEREFORE, Skanska asks this Court to dismiss the Third-Party Complaint and award

it costs and such other and further relief as the Court deems just.

                                        **Cohen, Seglias, Pallas, Greenhall & Furman, P.C.**

                                        _/s/ Robert K. Beste_____
                                        Robert K. Beste, Jr., Esq. (I.D. No. 154)
                                        1007 Orange St., Suite 1130, Nemours Building
                                        Wilmington, Delaware 19801
                                        Phone: (302)425-5089
                                        Attorneys for Third-Party Defendant

**OF COUNSEL**:

Bruce D. Meller, Esquire
Peckar & Abramson, P.C.
70 Grand Avenue
River Edge, NJ  07661
(201) 343-3434