IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELAWARE ART MUSEUM, INC., a Delaware corporation, | : : : |
| Plaintiff, | : : C.A. No. 06-481 (GMS) |
| v. | : : Jury Demand |
| ANN BEHA ARCHITECTS, INC., f/k/a ANN BEHA ASSOCIATES, INC., a Massachusetts corporation, and OVE ARUP & PARTNERS MASSACHUSETTS, INC., a Massachusetts corporation, | : : : : : : |
| Defendants. | : : |
| v. | : : |
| SKANSKA USA BUILDING, INC., a Delaware Corporation, as Successor to Barclay White Skanska, Inc. | : : : : |
| Third-Party Defendants. | : |

**JOINT STATUS REPORT**

Pursuant to Federal Rule of Civil Procedure 16, Delaware Local Rule 16.2, and this Court's Order dated January 25, 2007, Plaintiff Delaware Art Museum, Inc., Defendants Ann Beha Architects, Inc. ("ABA") and Ove Arup & Partners Massachusetts, Inc. ("Arup"), and Third-Party Defendant Skanska USA Building, Inc. submit this Joint Status Report by and through their undersigned counsel.

**1. JURISDICTION AND SERVICE**

The parties agree that this Court has subject matter jurisdiction. The parties further agree that the Court has personal jurisdiction over each of the parties. No party remains unserved.

1

## 2. SUBSTANCE OF THE ACTION

### A. The Museum's Claims

The Museum claims that Defendants improperly performed services in connection with the renovation and expansion of the Delaware Art Museum that took place approximately between 2000 and 2005 (the "Project"). Specifically, the Museum claims that Defendants prepared inaccurate, incomplete and untimely documents, and that those errors, omissions and delays caused cost overruns in the Project. The Museum also claims that ABA falsely represented to the Museum that ABA could: (1) perform its obligations in accordance with the care and skill ordinarily used by professional architects; (2) perform its obligations without the assistance of a Local Architect; and (3) perform its obligations in a timely manner. The legal bases for the Museum's claims are: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) negligent misrepresentation; (4) common law fraud; and (5) consumer fraud.

With regard to ABA's counterclaim against the Museum (see below), the Museum denies the allegations in ABA's counterclaim. Legally, the Museum asserts that ABA cannot recover for any unpaid fees for services (if they exist) because ABA's claim is barred by the doctrines of: (1) laches and estoppel; (2) lack of consideration; (3) contributory or comparative negligence; (4) unclean hands; (5) accord and satisfaction, release and waiver; (6) statute of limitations; and (7) economic duress. Finally, any claim by ABA for unpaid fees would also be barred by ABA's own breach of its agreement with the Museum.

The Museum will provide a more detailed response to the bases for its claims or defenses as discovery proceeds.

### B. ABA's Defenses

Factually, ABA denies the allegations of the complaint and asserts that its

2

services were performed in accordance with its contractual obligations and in accordance with the applicable standard of care. Legally, ABA also asserts that the Museum can only make claim for breach of contract and that the other counts must be dismissed.

In the alternative, ABA has also asserted cross-claims against co-defendant Arup on the grounds that Arup was an engineering sub-consultant to ABA on the project and, to the extent that the Museum alleges claims of improper engineering, then ABA has the right to recoup from Arup any damages assessed against ABA due to Arup's improper performance. The legal bases for this action over are contribution, indemnification and breach of contract.

ABA has also asserted a counterclaim against the Museum for unpaid fees for services rendered. The legal bases for the counterclaim are breach of contract and unjust enrichment.

Finally, ABA has filed a Third Party Complaint against Skanska. ABA claims that Skanska ran the project for the Museum and coordinated the efforts of the contractors involved as well as the design professionals. ABA also claims that Skanska made several representations to ABA upon which ABA relied in performing its services which now forms the basis for claims by the Museum. The legal bases for ABA's claims against Skanska are contribution, indemnification and negligent misrepresentation.

C.  **Arup's Defenses**

Factually, Arup denies the allegations of the complaint and asserts that its services were performed in accordance with the applicable standard of care. Legally, Arup alleges that the Museum cannot maintain its claim for negligent misrepresentation against Arup because it is barred by the economic loss doctrine. Factually, Arup denies the cross claims of ABA and asserts that its services were performed in accordance with the applicable standard of care.

Legally, Arup asserts that any claims of ABA are subject to the contractual limitations set forth in the parties' written agreement.

### D.     Skanska USA Building's Defenses

Skanska USA Building, Inc. ("Skanska") is not aware of the basis for the allegations asserted against it. Skanska made no representations to the Third-Party Plaintiff, ABA. Skanska performed all of its work for the Museum and none for ABA. Skanska's construction work was dependent upon, and could not proceed absent the timely and adequate performance of work by ABA. ABA's work was neither timely nor properly performed. As a result, Skanska incurred damages. Allegations that ABA intentionally delayed its work (para 265) is an admission of liability as to a cause for delay and damage to the Museum and Skanska. Skanska has rights to recovery, through its Liquidating Agreement with the Museum for its damages. Assuming arguendo that there was any project delay attributable to Skanska, it would serve to diminish the Museum's recovery and it could not be a part of any damage award. As Skanska's conduct could not result in liability to ABA, then no cause of action could possibly exist for indemnification or contribution.

Skanska begs leave to provide a more detailed response to the bases for Skanska's defense as discovery proceeds.

### 3. IDENTIFICATION OF ISSUES

The principle legal and factual issues genuinely in dispute concern:

(1) whether Defendants committed errors and omissions in preparing documents related to the Project;

(2) whether Defendants delayed in preparing documents related to the Project;

(3) whether the errors, omissions or delays mentioned in (1) and (2), above, caused a delay in the completion of the Project;

(4) whether Arup is liable for the Museum's economic losses under a claim for negligent misrepresentation;

(5) if the errors, omissions or delays mentioned in (1) and (2), above, caused a delay in the completion of the Project, what damages the Museum is entitled to because of those errors, omissions and delays;

(6) whether ABA made any fraudulent statements concerning the work it would perform for the Project;

(7) if ABA made any of the fraudulent statements in (6), above, what damages the Museum is entitled to because of those statements;

(9) whether the Museum is entitled to other relief, including costs, expenses or attorney's fees related to this proceeding;

(10) whether the Museum is liable to ABA for unpaid fees and costs; and

(11) should the Museum succeed in any of its claims against ABA, whether ABA may recoup all or some of those damages against Arup and Skanska.

## 4. NARROWING OF ISSUES

It is likely that a jury must decide the factual issues, and hence they are unlikely to be narrowed by agreement or motion. Where possible, however, the Museum will work with Defendants to narrow those issues. Arup has filed a motion to dismiss the Museum's claim for negligent misrepresentation based on Arup's assertion that the claim is barred by the economic loss doctrine. Due to ABA's crossclaim against Arup, Arup would still be a party to this action even if the Court ruled in Arup's favor on its motion to dismiss. Therefore, the Museum believes that Arup's motion to dismiss is unlikely to limit the scope of discovery or the factual issues that must be decided at trial. However, Arup believes that, if the motion to dismiss is successful, it would limit the scope of discovery in that the alleged negligent misrepresentations of Arup

would no longer be in issue.

## 5. RELIEF

The Museum seeks damages for delay costs, construction premiums, remedial work, and contractor and subcontractor claims as a result of Defendants' conduct. While preserving its rights to supplement its damages, the Museum seeks damages in excess of $13,350,824.00, as well as punitive damages against ABA. The Museum has also requested that it be awarded reasonable attorneys' fees, costs and expenses incurred in this action.

ABA seeks recovery of unpaid fees and costs against the Museum.

## 6. & 7. AMENDMENT OF PLEADINGS & JOINDER OF PARTIES

The parties do not currently anticipate amending their pleadings or joining other parties. However, this position may change during discovery. Therefore, any deadline for amending the pleadings or joining other parties should be set at or near the completion of discovery.

## 8. DISCOVERY

Discovery will include all documents (including email and other correspondence) related to the Project, and the experience and qualifications of the personnel involved with the Project. Discovery will also require the parties to depose certain fact witnesses who were involved with the Project. The parties are also likely to need expert discovery from retained construction experts who can opine about the Project. Because the Museum also alleges that ABA improperly delegated tasks to a junior architect because the Project's senior architect's attention was divided between work for the Project and work for the Portland Art Museum, the Museum will also seek discovery on the work ABA performed concurrent with the Project.

It is estimated that fact and expert discovery will take a minimum of ten (10) months.

The parties believe that discovery in this matter will proceed in a less costly, less time-consuming and more efficient manner if reasonable limits are placed at the outset on certain forms of discovery.

### 9. ESTIMATED TRIAL LENGTH

The parties estimate that trial is likely to require a minimum of ten (10) full court days. The parties are not contemplating bifurcation at this time. The parties will employ their best efforts to reduce the length of the trial by stipulations, use of summaries and other expedited means of presenting evidence.

### 10. JURY TRIAL

The Museum has requested a jury trial on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b) and Delaware Local Rule 38.1.

### 11. SETTLEMENT

Before the Museum filed the complaint, the parties attempted to mediate their dispute.

### 12. SUCH OTHER MATTERS

There are no other matters at this time.

### 13. STATEMENT THAT PARTIES HAVE CONFERRED

Counsel for the parties have conferred about each of the above matters.

DATED: February 5, 2007

/s/ Thomas J. Allingham II
Thomas J. Allingham II (#476)
Richard S. Horvath, Jr. (#4558)
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899-0636
(302) 651-3000
tallingh@probonolaw.com
*Attorneys for Plaintiff Delaware Art Museum, Inc.*

/s/ Paul Cottrell
Paul Cottrell (#2391)
Tighe & Cottrell, P.A.
One Customs House, Suite 500
P.O. Box 1031
Wilmington, Delaware  19899
(302) 658-6400
p.cottrell@tighecottrell.com
*Attorney for Ann Beha Architects, Inc.*

/s/ James F. Bailey, Jr.
James F. Bailey, Jr. (#336)
Bailey & Associates, P.A.
Three Mill Road, Suite 306A
Wilmington, Delaware  19806
(302) 658-5686
*Attorney for Defendant Ove Arup & Partners Massachusetts, Inc.*

/s/ Robert K. Beste, Jr.
Robert K. Beste, Jr. (#154)
Cohen, Seglias, Pallas, Greenhall & Furman, P.C.
1007 Orange St., Suite 1130, Nemours Building
Wilmington, Delaware  19801
(302) 425-5089
*Attorney for Third-Party Defendant Skanska USA Building, Inc.*