**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DELAWARE ART MUSEUM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 06-481 (GMS) |
| v. | ) | |
| | ) | |
| ANN BEHA ARCHITECTS, INC., | ) | |
| *et al.*, | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE

PLEASE TAKE N0TICE that the undersigned certifies that two (2) true and correct copies of Defendant Ann Beha Architects, Inc.'s First Request for the Production of Documents directed to Plaintiff was served on this 10th day of May, 2007, via first class mail, on the following:

Thomas Allingham, II
Richard S. Horvath, Jr.
Skadden Arps Slate Meagher & Flom, LLP
One Rodney Square
PO Box 636
Wilmington, Delaware 19899-0636

Robert K. Beste, Jr.
Cohen Seglias Pallas Greenhall & Furman,P.C.
Suite 1130, Nemours Building
1007 Orange Street
Wilmington, Delaware 19801

James F. Bailey, Jr., Esq.
Bailey & Associates, P.A.
3 Mill Road, Suite 306A
Wilmington, DE 19806

**TIGHE & COTTRELL, P.A.**

         /s/ Patrick M. McGrory
Paul Cottrell, Esquire (DE # 2391)
Patrick McGrory, Esq. (DE # 4943)
One Customs House, Suite 500
P.O. Box 1031
Wilmington, Delaware 19899
(302) 658-6400
p.mcgrory@tighecottrell.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELAWARE ART MUSEUM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 06-481 (GMS) |
| v. | ) | |
| | ) | |
| ANN BEHA ARCHITECTS, INC., | ) | |
| *et al.*, | ) | |
| Defendants. | ) | |

## DEFENDANT ANN BEHA ARCHITECTS, INC.'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF

COMES NOW Defendant Ann Beha Architects, Inc., by and through Counsel, and pursuant to Federal Rules of Civ. Procedure 26 and 34, directs the above-named Plaintiff to answer separately and fully in writing the following requests for the production of documents within 30 days of the date of service.

## INSTRUCTIONS AND DEFINITIONS

In answering these Requests for Production, please furnish all information, however obtained, including hearsay which is available to you, and information known by or in possession of yourself, your agents and your attorneys, or others subject to your control, or appearing in your records.

In answering these Requests for Production, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives. If a Request has subparts, answer each separately and in full. If you cannot answer the Requests for Production in full, so state in an answer to the extent possible specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion and detailing what you did in attempting to secure the

unknown information.  Identify and describe all documents to which you refer in preparing your answers.

The word "document" means any written, recorded, or graphic matter, whether produced, reproduced or stored on papers, cards, tapes, belts, or computer devices or any other medium in your possession, custody or control or known by you to exist and includes originals, all copies of originals, and all prior drafts.  The definition includes but is not limited to printed material, audio and video tapes, photographs, microfiche, microfilm, electronic correspondence or "e-mail," and all manner of conveying or memorializing information.

The terms "you" and "your" include the person(s) to whom these requests for production are addressed, and all of that person's agents, representatives or attorneys.

The term "person" includes any individual, company, unincorporated association or society, municipal or other corporation, the State, its agencies or political subdivisions, any court, or any other governmental entity.

"Project" shall refer to the expansion and renovation of the Delaware Art Museum's facility located at 2301 Kentmere Parkway, Wilmington, Delaware, from January 1, 1998, to the present.

"ABA" shall refer to Defendant Ann Beha Architects, Inc.

"DAM" shall refer to Plaintiff Delaware Art Museum, Inc., and all of its agents, employees, representatives or Board Members who worked on the project.

"Skanska" shall refer to Defendant Skanska USA Building, Inc., Barclay White Skanska, Inc., Barclay White Incorporated, and all of their predecessors, affiliates or representatives who worked on the Project.

"ARUP" shall refer to Defendant Ove Arup & Partners Massachusetts, Inc.

If any document herein requested was formerly in the possession, custody, or control of plaintiff and has been lost or destroyed, you are requested to produce in lieu of each document a written statement which: (1) describes in detail the nature of the document(s) and its content; and (2) identifies the person who prepared or authored the document(s) and, if applicable the person(s) to whom the document was addressed; and (3) specifies the date on which the document was prepared and transmitted; and (4) specifies the date on which the document was lost or destroyed, and if destroyed, the conditions of or reasons for such destruction and the persons requesting and performing the destruction.

If your response is that the requested documents are not in your possession or custody, describe the unsuccessful efforts to locate them.

If your response is that the requested documents are not in your control, identify who has control, and the location of the documents.

If a request seeks a document or class of documents not in your possession, custody or control, provide any documents that you have that contain all or part of the information contained in the requested documents.

Each request for production of documents shall be deemed continuing so as to require prompt supplemental responses if further documents called for herein are obtained or discovered between the time of responding to this request and the time of the trial.

If any documents called for in this demand are withheld under a claim or privilege, please furnish a list identifying each document for which the privilege is claimed by setting forth all the following information: (1) the date of the document; (2) the name and address of each person

3

who prepared, received, viewed and has possession, custody or control of the document; (3) the

name of each person shown on the document as distributees; and (4) if the document purports to

describe communications or occurrences at a meeting, conference or conversation, the identity of

each participant at such meeting, conference or conversation; and (5) a statement of the basis for

the assertion of privilege. If the basis for the assertion of privilege is the attorney-client privilege,

also set forth the identity of the client and the attorney.

## DOCUMENTS TO BE PRODUCED

1.      Any and all documents that you intend to rely upon, utilize, or introduce as
evidence in support of your claims.

2.      Any and all files that concern or relate in any way to the Project.

3.      Any and all transmittal or submittal files concerning or relating in any way to the
Project.

4.      Any and all videotapes and/or photographs taken of the Project.

5.      Any and all statements (signed or unsigned), summaries of statements, records or
writings of any and all witnesses, including any statements from the parties herein, or their
respective agents, servants or employees, including tapes or other mechanically transcribed
information.

6.      All contractual agreements (or, in the absence of formal agreement, copies of
correspondence) or other documents reflecting any agreements between DAM, ABA, Skanska
and any subcontractors or consultants relating to the Project.

7.      Any and all contracts, subcontracts, assignment agreements, settlement or joint
defense agreements (or, in the absence of formal agreement, copies of correspondence) or other

4

documents reflecting any agreements between you and any other entity, concerning or relating to the Project or this litigation.

8.     All Board meeting minutes of the DAM Board during the period from January 1, 1998, to the present, including any notes prepared by any Board members, summaries, records or writings of any and all executive sessions which relate in anyway to the Project, and including any statements, or summaries of statements, from the parties herein, or their respective agents, servants or employees.

9.     All of your financial records reflecting receipts, disbursements, credits and all other financial transactions including all sources of original entry relating to the Project.

10.     Any and all correspondence sent or received by, or copied to, you relating to the design or construction of, or financing for, the Project, including, but not limited to, correspondence with any design professionals, consultants, contractors, subcontractors, material suppliers, insurance carriers, bonding companies, community groups, governmental agencies and others.

11.     Any and all memoranda and notes, including memoranda or notes of telephone conversations, relating to or concerning the design or construction of, or financing for, the Project.

12.     Any and all internal memoranda and notes generated by plaintiff or others, relating to or concerning the design or construction of, or financing for, the Project.

13.     Original schedule of values of all work to be performed by Skanska or any subcontractors on the Project together with all documents reflecting:

a. adjustments or modifications thereto;

5

        b. reconciliation of the final schedule of values to original schedule of values and/or estimate;

        c. reconciliation of each pay request to the schedule of values; and

        d. reconciliation of each change order to the schedule of values.

14.      Any and all change order requests and/or change order proposal, including all back-up documentation generated in the preparation of a change order and/or change order proposal.

15.      Any and all project schedules utilized by you to plan and conduct your work, or tasks, related to the Project whether prepared by you or others. This request includes, but is not limited to, copies of all working copies of the project schedules, including all notes, comments, and/or modifications to any such documents.

16.      Your working copies of the plans and specifications for the Project, including working copies of all shop drawings, and all addenda, changes, amendments and/or modifications to any such documents.

17.      Your estimate summary sheets, and all estimates or take-offs (and all backup documents relating thereto) for the furnishing of labor, material or services, whether prepared by you or furnished to you by a third person or entity, relating to the design or construction of, or financing for, the Project, or any portion of your work, Skanska's work, or the work of any subcontractor on the Project.

18.      Any and all daily reports, logs, diaries, calendars or journals kept or maintained by any of your personnel, agents or representatives relating in any way to the Project.

19.      Any and all documents generated which in any way document any damages

allegedly sustained by you in connection with the Project, including, but not limited to, your claim that DAM "had to raise $32 million to cover the final costs of the Facility and its related furnishings, fixtures and equipment," and your claim that you incurred lost profits of $1 million.

20.    Any and all expert reports generated by any expert witness whom you reasonably intend to call at trial, and the complete file generated by each expert related to the Project.

21.    Any and all reports received by you from any consultant retained by you, or your counsel, relating to any of the claims being made by you in this matter.

22.    Any and all backup documentation associated with any claims for extra work or other damages or costs allegedly incurred by you on this Project.

23.    Any and all documents relating to any budget or budgets for the project, including all information supplied to DAM on any such budgets.

24.    Copies of any and all documents in your possession or available to you in addition to the items specified in previous sections of this Request for Production which pertain in any way to this litigation.


                                        **TIGHE & COTTRELL, P.A.**

                                  By:    /s/  Patrick McGrory
                                        Paul Cottrell, Esquire (DE # 2391)
                                        Patrick McGrory, Esq. (DE # 4943)
                                        One Customs House, Suite 500
                                        P.O. Box 1031
                                        Wilmington, Delaware 19899
                                        (302) 658-6400
                                        p.mcgrory@tighecottrell.com

Dated: April 23, 2007