IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELAWARE ART MUSEUM )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANN BEHA ARCHITECTS, INC. )<br>et al. )<br>)<br>Defendants. ) | Civil Action No.: 06-481 GMS |

## MEMORANDUM

**I.   INTRODUCTION**

The plaintiff, Delaware Art Museum ("DAM") is a nonprofit corporation located in Wilmington, Delaware. The defendant, Ove Arup & Partners Massachusetts, Inc. ("Arup") is a Massachusetts corporation. An agreement between plaintiff and Ann Beha Associates, Inc. ("ABA") specified Arup as a consultant and project engineer for the renovation and expansion of DAM. (D.I. 1 ¶ 30).

On August 4, 2006, DAM commenced this action against Arup alleging negligent misrepresentation. Subsequently, Arup filed a motion to dismiss DAM's claim. (D.I. 18). Arup contends that the claim asserted against it for negligent misrepresentation should be dismissed because it is barred by the economic loss doctrine. DAM contends its claim is valid because Arup falls within a limited exception to the economic loss doctrine for information providers.

Upon review of the facts, the law, and parties submissions, the court concludes that DAM's claims are barred by the economic loss doctrine. The court finds that Arup aided in the design of the renovations and expansion of the museum. Consequently, Arup was more than an information provider, and, as a result, not within the limited exception to the economic loss doctrine.

## II.     FACTS

The following facts are alleged in DAM's Complaint. In March of 2001, DAM entered into an agreement with ABA for the design and supervision of a renovation and expansion to the existing museum. (D.I. 1 at 8). This renovation and expansion was a part of DAM's "Master Plan" to improve their museum. (D.I. 1 ¶ 16). The expansion itself would allow the museum to increase the amount of displayed work at a given time from 5% to 15% of their total collection and have space and adequate facilities to begin hosting large, revenue-producing gatherings. (D.I. 1 ¶ 17, 19). The museum selected ABA as the architect for the project. (D.I. 1 ¶ 22). As a part of the agreement between ABA and DAM, ABA retained Arup to "provide structural, mechanical, electrical, plumbing and fire protection engineering services to ABA to the same extent that ABA was to provide those services to the Delaware Art Museum under the Agreement." (D.I. 1 ¶ 30).

According to DAM's complaint, Arup "produc[ed] drawings that resulted in incorrect clearance heights for ceilings, structural steel with insufficient support, mechanical rooms that are inaccessible to maintenance personnel, and other material flaws and inefficiencies." (D.I. 1 ¶ 30). Engineering firms retained to review these drawings "cited several engineering errors and omissions in Arup's design." (D.I. 1 ¶ 146). These errors, along with additional delays caused by ABA, caused the project to be delayed and to exceed the initially approved budget.

## III.    STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). Thus, the court must accept the factual allegations of the complaint as true. *See Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997), *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). Dismissal is appropriate when "it appears beyond doubt

that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**IV.  DISCUSSION**

Arup, contends that the claim asserted against it for negligent misrepresentation should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Arup contends that the economic loss doctrine bars the claim since only economic damages are alleged. DAM contends that the claim is valid because Arup falls within the limited exception to the economic loss doctrine for information providers.

"The economic loss doctrine is a judicially created doctrine that prohibits recovery in tort where a product has damaged only itself (*i.e.*, has not caused personal injury or damage to *other* property) and, the only losses suffered are economic in nature." *Danforth v. Acorn Structures, Inc.*, 608 A.2d 1194, 1195 (Del. 1992). This doctrine prevents plaintiffs from "recovering in tort for losses suffered that are solely economic in nature." *Christiana Marine Servs. Corp. v. Texaco Fuel and Marine Mktg. Inc.*, C.A. No. 98C-02-217WCC, 2002 WL 1335360, at *5 (Del. Super. June 13, 2002).

Delaware has recognized an exception to the economic loss doctrine with the adoption of § 552 of the Restatement (Second) of Torts. *Guardian Constr. Co. v. Tetra Tech Richardson, Inc.*, 583 A.2d 1378 (Del. Super. 1990). The Restatement provides:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
>
> *Restatement (Second) of Torts § 552.*

3

DAM does not dispute that only economic damages are claimed. Accordingly, in order to survive a motion to dismiss, Arup would have to fall within the exception to the economic loss doctrine. For a plaintiff to maintain a claim under § 552 in Delaware, two elements must be present: (1) "the defendant supplied the information to the plaintiff for use in business transactions with third parties" and that (2) "the defendant is in the business of supplying information." *Christiana*, 2002 WL 1335360, at *6 (internal quotations omitted). *See also*, *Millsboro Fire Co. v. Constr. Mgmt. Serv.*, C.A. No. 05C-06-137MMJ, 2006 WL 1867705, at *2 (Del. Super. June 7, 2006). Arup contends that the second element, that it is in the "business of supplying information" is not present in DAM's complaint.

For a Delaware defendant to be considered in the business of supplying information, a "case-specific inquiry" must be made, "looking to the nature of the information and its relationship to the kind of business conducted." *RLI Ins. Co.,* C.A. No. 05-858-JJF, 2006 WL 1749069, at *3 (D.Del. June 20, 2006). When information is the "end and aim" product of a defendant's work, Delaware courts have found the potential for liability. *Guardian*, 583 A.2d at 1386. *See*, *Millsboro*, 2006 WL 1867705, at *3 (listing surveyors, accountants, financial advisors and title searchers as examples of defendants who are pure information providers). "[W]here the information supplied is merely ancillary to the sale of a product or service in connection with the sale," however, the defendant will not be considered to be an information provider. *RLI Ins. Co.*, 2006 WL 1749069, at *3 (quoting *Christiana*, 2002 WL 1335360, at *7).

A designer's end product is considered to be the tangible outcome of their design. *Council of the Dorset Condo. Apartments v. Dorset Apartments*, C.A. No. 90C-10-269, 1992 Del. Super. LEXIS 343, at *7-8 (Del. Super. Aug. 26, 1992) ("[A]n architect [] prepares plans which are

4

converted into a tangible product - a building."). Thus, "the provision of plans and design drawings used to construct the project[] do not constitute the business of supplying information." *Millsboro*, 2006 WL 1867705 at *3.

As a class of defendants, engineers fall on both sides of the § 552 exception as their "business has dual purposes, one of which may shield them from liability, the other of which may expose them to liability." *Council of the Dorset Condo. Apartments*, 1992 Del. Super. LEXIS 343, at *8. The mere provision of calculations, specifications or reports for a project will result in an engineer being considered a pure information provider. *See Guardian*, 583 A.2d 1378 (finding that defendant engineer fell within the § 552 exception for negligent calculations made in specifications and documents for a breakwater improvement project provided to contractors to help them develop estimates); *Council of Dorset Condo. Apartments*, 1992 Del. Super. LEXIS 343 (finding defendant engineer responsible for preparing a report on the condition of a building to prospective buyers prior to its sale to be within the § 552 exception). When an engineer's responsibility involves more, such as designing components of a project, however, his role will not fall within the exception to the economic loss doctrine. *See Millsboro*, 2006 WL 1867705, at *1 (finding defendant engineer, responsible for designing the "heating, ventilation and air conditioning ("HVAC"), as well as the electrical and plumbing systems on the Project" to be outside of the § 552 exception and thus not liable); *RLI Ins. Co.*, 2006 WL 1749069, at *3.

In the present case, it is clear from the pleadings that Arup was responsible for designing particular components of the renovation and expansion of the museum, and as such, did not act as a pure information provider. DAM's complaint states that Arup "produc[ed] drawings that resulted in incorrect clearance heights for ceilings, structural steel with insufficient support, mechanical

rooms that are inaccessible to maintenance personnel, and other material flaws and inefficiencies." (D.I. 1 ¶ 30). Additionally, the complaint states that "an engineering firm that Arup retained to review the documents that Arup produced, cited several engineering errors and omissions in Arup's design that required correction" before the firm would approve the plans. (D.I. 1 ¶ 146). As a party responsible for the design of certain components of the renovation and expansion of the Delaware Art Museum, Arup's "end and aim" was to provide DAM with certain completed systems that they designed, and any information provided was ancillary to this aim.

Decisions as to whether a defendant falls within the exception to the economic loss doctrine are typically made at summary judgment in Delaware, particularly when ambiguous pleadings as to a defendant's role must be resolved through discovery. *RLI Ins. Co.*, 2006 WL 1749069, at *3. Dismissal is appropriate at this juncture, however, because the pleadings clearly establish Arup as a party responsible for the design of certain systems in the renovation and expansion of the museum. Further discovery is not necessary for the court to conclude that Arup is not in the 'business of supplying information' as that label is applied in the case law interpreting § 552 of the Restatement of Torts. *See id.* (distinguishing the defendant in *RLI* from the defendant in *Millsboro*, in which the "court found that the designers and architects provided plans and design drawings to construct the project").

**V.     CONCLUSION**

For the above-stated reasons, Arup's Motion to Dismiss (D.I. 18) is granted.

Dated: September 11, 2007             /s/ Gregory M. Sleet
                                      CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELAWARE ART MUSEUM | ) | |
| | ) | |
|        Plaintiff, | ) | |
| | ) | Civil Action No.: 06-481 GMS |
| v. | ) | |
| | ) | |
| ANN BEHA ARCHITECTS, INC. | ) | |
| et al. | ) | |
| | ) | |
|        Defendants. | ) | |

**<u>ORDER</u>**

IT IS HEREBY ORDERED that:

    Ove Arup & Partners Massachusetts, Inc. Motion to Dismiss (D.I. 18) is GRANTED.


Dated: September 11, 2007        <u>/s/ Gregory M. Sleet                   </u>
                                                   CHIEF, UNITED STATES DISTRICT JUDGE