# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELAWARE ART MUSEUM, INC., a Delaware corporation, | : : : | |
| Plaintiff, | : : | No. 06-481 (GMS) |
| v. | : : : | Jury Demand |
| ANN BEHA ARCHITECTS, INC., f/k/a ANN BEHA ASSOCIATES, INC., a Massachusetts corporation, and OVE ARUP & PARTNERS MASSACHUSETTS, INC., a Massachusetts corporation, | : : : : : : | |
| Defendants, | : : | |
| v. | : : : | |
| SKANSKA USA BUILDING, INC., a Delaware Corporation, as Successor to Barclay White Skanska, Inc., | : : : : | |
| Third-Party Defendant. | : | |

## CONFIDENTIALITY ORDER

WHEREAS, the parties to the above-captioned action (the "Action") could be injured by the public dissemination of certain confidential and sensitive commercial, personal or business information; and

WHEREAS, the parties to the Action may be bound by certain agreements to safeguard certain documents and information, the disclosure of which may be called for in the Action;

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties, subject to the approval of the Court, that the following Stipulation and Order shall govern the handling of documents, testimony, depositions and deposition exhibits, interrogatory responses,

admissions and any other information, given or exchanged by and among the parties and non-parties to the Action (a "Producing Party") in connection with discovery in the Action.

1.      Any producing party may designate any discovery material or information as "confidential" under the terms of this Stipulation and Order if such party in good faith believes that such discovery material contains non-public, confidential, proprietary or commercially sensitive information that requires the protections provided in this Stipulation and Order ("Confidential Material"). For purposes of this Stipulation and Order, information considered to be Confidential Material includes all non-public materials, constituting or containing information reflecting or related to: financial or business plans, strategies or projections; proprietary information; fundraising plans, business and marketing plans and strategies; development and planning; competitive analyses; information concerning former and current personnel and current or former members of a board of directors or board of trustees; donor information, confidential agreements with parties and third parties; or other information for which the Producing Party has a good faith belief that it has an obligation to safeguard the confidentiality thereof.

2.      Any Producing Party may also apply for an order to supplement the foregoing categories of Confidential Material or to designate particular documents not within the foregoing categories as Confidential Material.

3.      The designation by any Producing Party of material as Confidential Material shall constitute a representation that such material has been reviewed by an attorney for the Producing Party and that there is a valid basis for such designation.

4.      The designation of material as Confidential Material for purposes of this Stipulation and Order shall be made in the following manner:

a.    in the case of documents or other written materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" to each page containing any Confidential Material; provided that the failure properly to designate a document as Confidential Material should not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced, with the effect that such document is subject to the protection of this Stipulation and Order as if it had originally been so designated; provided that the Producing Party makes such a post-production designation within a reasonable time of discovering its failure properly to so designate the document; however, nothing in this Paragraph 4a shall subject a party receiving undesignated Confidential Material to any penalty, sanction or obligation concerning such Confidential Material prior to its proper designation as Confidential Material by the Producing Party; and

b.    in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel for the Producing Party; or (ii) by written notice, sent by such counsel to all parties within seven (7) business days after the transcript of the testimony is received by counsel for the Producing Party; and in both of the foregoing instances, by directing the court reporter that the appropriate confidential legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Material.  All depositions and other pretrial testimony shall be treated as Confidential Material until the expiration of seven (7)

business days after the transcript of the testimony is disseminated to counsel, after which time only such portions of the transcript as have been designated as set forth above shall be deemed Confidential Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

5.    Confidential Material may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only in connection with the Action and only to the following persons:

     a.    the parties and counsel who represent the parties in the Action (and members of their firms), and regular and temporary employees of such counsel (including outside copying services and outside litigation support services, including, but not limited to, translation services) necessary to assist in the conduct of the Action for use in accordance with this Stipulation and Order;

     b.    subject to Paragraph 7 hereof, experts or consultants assisting counsel for the parties;

     c.    the directors, trustees, officers, employees (including, but not limited to, inside counsel) and general or limited partners of the parties, or any subsidiary or affiliate thereof, who appear as witnesses or deponents, and any professional employee of any person providing professional advice to any of the corporate defendants;

     d.    the Court and its employees, pursuant to this Stipulation and Order;

4

e.    court reporters employed in connection with the Action; and

f.    any other person only upon order of the Court or upon stipulation of the Producing Party of the Confidential Material to be disclosed.

6.    This Stipulation and Order shall be without prejudice to the right of a Producing Party to seek further limits on disclosure or protections for the confidentiality of any material (whether or not designated Confidential Material) in addition to the limits and protections provided herein, including, without limitation, that access to or disclosure of any material be limited solely to counsel employed by a party or parties or to other specified persons.

7.    Notwithstanding anything contained in Paragraph 5, Confidential Material may be provided to persons listed in Paragraph 5(b) hereof to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Action; provided that such expert or consultant is using said Confidential Material solely in connection with the disputes between the parties; and further provided that such expert signs an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Stipulation and Order, consenting to the jurisdiction of the Court solely for purposes of the enforcement of this Stipulation and Order, and agreeing not to disclose or use any Confidential Material for purposes other than those permitted hereunder.  Such undertakings shall be retained in the files of the counsel for the party engaging such consultant or expert.

8.    Every person given access to Confidential Material or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms thereof.

9.    All documents of any nature, including briefs, that are filed with the Court and that contain information designated as Confidential shall be filed with the Court under seal. All such materials so filed shall be released from confidential treatment only upon further Court order.

10.    Entering into, agreeing to and/or producing or receiving Confidential Material or otherwise complying with the terms of this Stipulation and Order shall not:

a.    operate as an admission by any party that any particular Confidential Material contains or reflects proprietary or any other type of confidential information;

b.    prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, nor operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Material;

c.    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Stipulation and Order;

d.    prejudice in any way the rights of a party to seek a determination by the Court whether any discovery material or Confidential Material should be subject to the terms of this Stipulation and Order;

e.    prejudice in any way the rights of any party to petition the Court for a further confidentiality order relating to any purportedly confidential information, subject to the terms of Paragraph 6 hereof;

      f.      prevent a Producing Party from agreeing to alter or waive the provisions or protections provided for in this Stipulation and Order with respect to any particular Confidential Material that a Producing Party has produced and designated "Confidential"; or

      g.      waive or prejudice any right or objection possessed by a party, including jurisdictional objections, not specifically and expressly discussed herein.

11.     This Stipulation and Order has no effect upon, and shall not apply to, a Producing Party's use of material that party has produced.

12.     If information subject to attorney-client privilege, attorney work product or any other applicable privilege or immunity from discovery is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the Producing Party would otherwise be entitled.  If a claim of inadvertent production is made pursuant to this Paragraph (Paragraph 12) with respect to information then in the custody of another party, such party shall promptly return to the claiming party or person that material as to which the claim of inadvertent production has been made, and the receiving party shall not use such information for any purpose other than in connection with a motion to compel.  The party returning such material may then move the Court for an order compelling production of the material, but said motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.

13.     The parties agree to be bound by the terms of this Stipulation and Order pending the entry of this Stipulation and Order by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Order had been entered by

the Court at the time of the violation. Nonetheless, each of the parties hereto shall be entitled to seek modification of this Stipulation and Order, or relief therefrom, by application to the Court on notice to the other parties hereto for good cause.

14.    The provisions of this Stipulation and Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Action, including, without limitation, any appeals therefrom. Within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of all proceedings in which Confidential Material is permitted to be used, including the exhaustion of all permissible appeals, all persons having received Confidential Material shall, upon written request of the Producing Party, either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party or destroy all such discovery material and certify that fact to counsel for the Producing Party. Counsel for the parties shall be entitled to retain their own court papers, deposition and trial transcripts and attorney work product (including discovery material containing Confidential Material); provided that such counsel, and employees of such counsel, shall not disclose such court papers or attorney work product to any person except pursuant to court order or agreement with the party that produced the Confidential Material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph (Paragraph 14).

15.    In the event that any Confidential Material is used in any court proceeding, said Confidential Material shall not lose its status as Confidential Material through such use. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents and information used in court or any court proceedings.

16.     If any person receiving documents pursuant to this Stipulation and Order (the "Receiver") (a) is subpoenaed in another action, (b) is served with a demand in another action to which he, she or it is a party, or (c) is served with any other legal process by one not a party to the Action, seeking Confidential Material, the Receiver shall give written notice, by hand or facsimile transmission within two (2) business days of receipt of such subpoena, demand or legal process, to those who produced or designated the Confidential Material.  The Receiver shall not produce any of the Producing Party's Confidential Material, unless otherwise court-ordered, for a period of at least five (5) days after providing the required notice to the Producing Party.  If, within five (5) days of receiving such notice, the Producing Party gives notice to the Receiver that the Producing Party opposes production of its Confidential Material, the Receiver shall not thereafter produce such Confidential Material except pursuant to a court order requiring compliance with the subpoena, demand or other legal process.  The Producing Party shall be solely responsible for asserting any objection to the requested production.  Nothing in this Paragraph (Paragraph 16) shall be construed as requiring the Receiver or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Material covered by this Stipulation and Order, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from the Court.

17.     The parties to the Action agree that the production of any discovery material by any non-party to the Action shall be subject to and governed by the terms of this Stipulation and Order.

Dated: January 18, 2008


/s/ Thomas J. Allingham II
Thomas J. Allingham II (#476)
tallingh@probonolaw.com
Alyssa M. Schwartz (#4351)
amschwar@probonolaw.com
Ellen B. Sturm (#5070)
esturm@probonolaw.com
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899-0636
*Attorneys for Plaintiff Delaware Art Museum, Inc.*


/s/ James F. Bailey, Jr.
James F. Bailey, Jr. (#336)
jbailey@jfbailey.com
Law Offices of James F. Bailey
3 Mill Rd., Ste. 306A
Wilmington, Delaware  19806

Michael Vardaro
Zetlin & De Chiara LLP
801 Second Ave.
New York, New York  10017
*Attorneys for Defendant Ove Arup & Partners Massachusetts, Inc.*


/s/ Paul Cottrell
Paul Cottrell (#2391)
p.cottrell@tighecottrell.com
Tighe Cottrell & Logan, P.A.
One Customs House, Ste. 500
P.O. Box 1031
Wilmington, Delaware  19899
*Attorneys for Defendant Ann Beha Architects, Inc.*


/s/ Robert K. Beste, Jr.
Robert K. Beste, Jr. (#154)
rbeste@cohenseglias.com
Cohen, Seglias, Pallas, Greenhall & Furman P.C.
Nemours Building, Ste. 1130
1007 Orange Street
Wilmington, Delaware  19801

Bruce Meller
Peckar & Abramson, P.C.
70 Grand Ave.
River Edge, New Jersey  07661
*Attorneys for Third-Party Defendant Skanska USA Building, Inc.*


SO ORDERED, this _____ day of January, 2008.

_____
Judge Gregory M. Sleet

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELAWARE ART MUSEUM, INC., a Delaware corporation, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 06-481 (GMS) |
| | : | |
| v. | : | Jury Demand |
| | : | |
| ANN BEHA ARCHITECTS, INC., f/k/a ANN BEHA ASSOCIATES, INC., a Massachusetts corporation, and OVE ARUP & PARTNERS MASSACHUSETTS, INC., a Massachusetts corporation, | : | |
| | : | |
| Defendants, | : | |
| | : | |
| v. | : | |
| | : | |
| SKANSKA USA BUILDING, INC., a Delaware Corporation, as Successor to Barclay White Skanska, Inc., | : | |
| | : | |
| Third-Party Defendant. | : | |

## <u>AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER</u>

I have read the Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation and Order") in the above-captioned action. I understand its terms and agree to be fully bound by them and hereby submit to the jurisdiction of the United States District Court for the District of Delaware solely for purposes of enforcement of the Stipulation and Order.

DATED: _____    SIGNATURE: _____