IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DELAWARE ART MUSEUM, INC., a Delaware corporation, : : : Plaintiff, : : v. : : ANN BEHA ARCHITECTS, INC., f/k/a : ANN BEHA ASSOCIATES, INC., a : Massachusetts corporation, and : OVE ARUP & PARTNERS : MASSACHUSETTS, INC., a : Massachusetts corporation, : : Defendants, : : v. : : SKANSKA USA BUILDING, INC., : a Delaware Corporation, as Successor to : Barclay White Skanska, Inc., : : Third-Party Defendant. : | C.A. No. 06-481 (GMS) Jury Demand |

## ORDER

WHEREAS, the Court, having heard Plaintiff's oral motion for sanctions under Rule 37 of the Federal Rules of Civil Procedure due to alleged abuses of the discovery process and violations of the Court's orders;

WHEREAS, the Plaintiff has set forth a number of bases for its motion for its requested relief; which included the following discovery deficiencies:

(a) The e-mail files for Defendant Ann Beha Architects, Inc.'s (ABA's) principal Ann Beha (the "Beha E-Mail Production") were not timely produced in accordance with the Court's previous order;

(b) The Beha E-mail Production was produced in unreviewable, raw native format;

(c) Plaintiff had to retain its own vendor to convert the Beha E-mail Production into industry standard .tif format so that they could be reviewed;

(d) Defendant ABA's counsel conducted no threshold review of the Beha E-mail Production either for responsiveness or for privilege;

(e) Plaintiff has been forced to undertake the time-consuming and costly review of hundreds of thousands of pages of non-responsive documents including spam in order to cull the Beha E-mail Production for responsiveness, just days before depositions were scheduled to commence;

(f) Based on the volume of the Beha E-mail Production, Plaintiff's review is an impossible task to complete prior to Ann Beha's scheduled deposition;

(g) At the time Defendant Ove Arup & Partners Massachusetts Inc. ("Arup") produced documents, counsel for Arup stated that no documents were being withheld due to a claim of privilege, but later claimed that Arup had inadvertently produced in excess of 163 privileged documents;

WHEREAS, the parties appeared before the Court by teleconference on March 10, 2008 and entered their respective arguments; and

NOW THEREFORE, the Court having considered the parties' arguments, and having determined that sanctions are warranted,

IT IS HEREBY ORDERED, this ____ day of _____, 2008:

(1) That Ann Beha is precluded from testifying at trial;

(2) That Defendant ABA is precluded from using any of the Beha E-mail Production by way of exhibits affirmatively for its benefit at trial (control numbers: CLSDAM00095433 through CLSDAM00305158);

(3) That Defendant ABA be assessed costs associated with the Beha E-mail Production including attorney cost and technical expertise, upon presentation of those costs to the Court; and

(4) That Defendant ABA and Defendant Arup have waived their respective claims of privilege for the documents Defendants have produced.

_____
UNITED STATES DISTRICT JUDGE